

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00491-CV

———————————————

PHILLIP RINGLEY JR., INDIVIDUALLY AND AS CO-TRUSTEE OF THE
MONARCHE LIVING TRUST, AND KEELYE RINGLEY, INDIVIDUALLY AND
AS CO-TRUSTEE OF THE MONARCHE LIVING TRUST, Appellants

V.

THE HIGHLANDS AT TROPHY CLUB HOMEOWNERS' ASSOCIATION, INC.,
Appellee

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 21-8474-393

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

Appellants Phillip Ringley Jr. and Keelye Ringley (individually and as co-trustees of the Monarche Living Trust) attempt to appeal from a trial court order that granted leave for Appellee The Highlands at Trophy Club Homeowners' Association, Inc. to file an amended answer. But our appellate jurisdiction is limited to the review of final judgments and appealable interlocutory orders, *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), and the trial court's order granting leave is neither. *See AKMK Props., LLC v. Tarrant Appraisal Dist.*, No. 02-20-00329-CV, 2020 WL 7393733, at *1 (Tex. App.—Fort Worth Dec. 17, 2020, no pet.) (per curiam) (mem. op.) (holding appellate court lacked jurisdiction over attempted interlocutory appeal from trial court's order on motion for leave to file amended pleadings); *Cooper v. Circle Ten Council Boy Scouts of Am.*, No. 05-05-01074-CV, 2005 WL 2764254, at *1 (Tex. App.—Dallas Oct. 26, 2005, no pet.) (mem. op.) (similar); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (listing immediately appealable interlocutory orders).

We notified the Ringleys of this jurisdictional flaw and warned that we could dismiss their appeal unless they showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a). The Ringleys responded by asserting that the trial court's order granting leave is "[v]oid," that it is "distinct from the merits of the underlying causes of action," and that the trial court committed numerous constitutional and procedural errors in its handling of the matter. But none of these allegations confer jurisdiction on this court

or change the fact that the challenged order is not subject to immediate interlocutory appeal. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a).

Accordingly, we dismiss the Ringleys' attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f); *see AKMK Props.*, 2020 WL 7393733, at *1 (dismissing attempted appeal for want of jurisdiction when appellant challenged interlocutory order on motion for leave to file amended pleadings).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 23, 2025